PLAINFIELD UNION WATER COMPANY, PROSECUTOR, v. BOARD OF PUBLIC UTILITY COMMISSIONERS, AND THE CITY OF PLAINFIELD, DEFENDANTS.

Submitted May 5, 1936—Decided August 15, 1936.

Before Justices PARKER, LLOYD and DONGES.

For the prosecutor, *William H. Speer.*

For the board, *John A. Bernhard.*

For the city of Plainfield, *William Newcorn.*

The opinion of the court was delivered by

PARKER, J.  This is a *certiorari* to an order of the board of utility commissioners, dated June 5th, 1935, directing the Water Company, prosecutor, to repay within thirty days to the city of Plainfield the sum of $7,679.08, the amount found by the board to have been "without warrant or justification exacted by way of surcharge from the city by the company." So runs the language of the order.  It is attacked on four principal grounds:  (1) that at the time of hearing on the application of the city for repayment, no statutory power was vested in the board to order repayment;  (2) that chapter 48 of the laws of 1935 (*Pamph. L., p.* 127) relied on by the

board, was not enacted until nearly a year after the hearing, which was held April 16th, 1934, and remained undecided until the act of 1935 had become a law; and that said act is not retroactive; (3) that if it be held retroactive, it is unconstitutional, and (4) that the excess payments made by the city were voluntary and cannot be recovered back.

For present purposes, the first point may be conceded. Mr. Justice Donges, then a Circuit Court judge, so decided in 1928. *National Radiator Co.* v. *Pennsylvania Railroad Co.,* 6 *N. J. Mis. R.* 778, 781, as did the board itself in 1933. *Flanagan* v. *Hackensack Water Co., P. U. R.* 1933B, *p.* 395. However, it is unnecessary for us to pass directly on the point, for reasons presently to be stated.

Point 2 is that the act of 1935 is not retroactive so far as relates to directing restoration of moneys found to have been unlawfully exacted. This is the really important point in the case, and requires a careful examination of the statute, which is entitled as a supplement to the Public Utility act of 1911 (*Pamph. L., p.* 374) and reads as follows:

"1. Whenever any public utility shall heretofore have been or shall hereafter be authorized by the Board of Public Utility Commissioners to collect a surcharge to raise a definite amount of money or for a specified purpose and the Board, after hearing upon notice, shall determine that the amount authorized has been collected, or that the specified purpose has been accomplished, the Board is hereby empowered to require by an order in writing the immediate discontinuance of such surcharge.

"2. Whenever after hearing upon notice the Board shall determine that any public utility has collected by means of a surcharge an amount of money exceeding the authorized amount or has continued to collect a surcharge after the specified purpose for which it was authorized has been accomplished, the Board is hereby empowered to require such public utility by an order in writing to repay the excess so collected to those from whom the same was collected.

"3. This act shall take effect immediately. Approved March 5th, 1935."

It seems clear enough that section 1, empowering the board to order a discontinuance of a surcharge previously authorized, is both prospective and retroactive as to the original authorization of the surcharge; and prospective as to the hearing and determination that it should cease. Section 2 goes on to confer the power to order an excess surcharge refunded, and this section, it is argued, is not retroactive. But it is in *pari materia* with section 1; and applying the familiar rule that in construing a statute every part of it should be considered, we have no difficulty in concluding that the power to order refund of an excess charge includes excess charges collected before the act as well as those to be collected after it.

The third point is that the act of 1935 is unconstitutional. This case was not argued orally, but was submitted on printed briefs; and in the main brief for prosecutor, less than a page is devoted to this point, with no citation of authority. The argument therein is that the legislature has undertaken to confer judicial powers upon an administrative body, and has also infringed on the right of jury trial. To this it seems sufficient to say that so far as relates to the determination of facts by the board, its jurisdiction was not questioned at the hearing; and if that body could lawfully find what was a fair rate for an utility to charge, and could lawfully permit a temporary increase, it could by the same token, when authorized by statute, determine when the increased rate should cease, and whether more than enough had been collected. If so, the power to order an excess refunded logically follows, and is quite analogous, in our judgment, to the power to require a railroad corporation to construct an overhead crossing, which is every day practice. In the act of 1935 the legislature has made no provision for the enforcement of the orders contemplated therein, relying, no doubt, on section 33 of the original act (*Pamph. L.* 1911, at *p.* 387) and other cognate legislation. Our present concern, however, is with the jurisdiction of the board to make the order.

Finally, that the payments were voluntarily made. The board at the hearing refused to go into this question, and

properly as we think; for its function was limited by the statute and did not include defenses to a recovery which would naturally be for the determination of a court and jury, or in proper cases, a court of equity.

Our conclusion on the whole case is that there is no legal infirmity in the record brought up by this writ, and the writ will accordingly be dismissed, with costs.